IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-138-BO

TRACEY W. HARPER, YOLANDA M. )
WILLIAMSON, and RAHMIR )
WILLIAMSON, )
　)
    Plaintiffs, )
　)
v. )     O R D E R
　)
REGIONAL ACCEPTANCE )
GREENVILLE and BARBOUR- )
HEDRICK HONDA GREENVILLE, )
　)
    Defendants. )

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge Robert B. Jones, Jr. [DE 15]. On October 22, 2018, Judge Jones recommended that plaintiffs' complaint be dismissed. *Id.* No objections to the M&R have been filed and the matter is ripe for review. For the reasons that follow, the M&R is ADOPTED.

## BACKGROUND

In August 2018, plaintiffs filed *pro se* applications to proceed *in forma pauperis* under 28 U.S.C. § 1915. [DE 1]. Plaintiffs allege that defendant Regional Acceptance Greenville improperly rescinded a car loan that caused them to lose money in connection with the purchase of a vehicle from defendant Barbour-Hedrick Honda Greenville. [DE 1-1].

In September 2018, Judge Jones entered an order granting plaintiffs Tracey Harper and Rahmir Williamson's applications to proceed *in forma pauperis* and directing plaintiff Yolanda Williamson to file a missing page in her application. [DE 10]. In the same order, the Court directed plaintiffs to particularize their complaints to specify which claims they are asserting against whom

and to include facts sufficient to establish subject-matter jurisdiction. *Id.* Judge Jones warned plaintiffs that failure to comply with the order could result in dismissal of the complaint. Plaintiffs have failed to file any response. On October 22, 2018, Judge Jones entered the instant memorandum and recommendation (M&R), recommending that plaintiffs' complaint be dismissed for failure to respond to the prior order and failure to establish a basis for subject-matter jurisdiction. [DE 15].

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

No party has objected to the M&R and the time for doing so has passed. The Court has reviewed the M&R and is satisfied that there is no clear error on the face of the record. Accordingly, the memorandum and recommendation is ADOPTED.

## CONCLUSION

The memorandum and recommendation of Magistrate Judge Jones is ADOPTED. Plaintiffs' complaint is DISMISSED.

SO ORDERED, this 26 day of November, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE